1  Christopher J. Yost, Bar No. 150785
**FEDERAL EXPRESS CORPORATION**
2  2601 Main Street, Suite 340
Irvine, California 92614
3  Telephone:  (949) 862-4558
Facsimile:   (949) 862-4605
4  Email: cjyost@fedex.com

ORIGINAL
FILED

08 JUL 25 AM 11: 43

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT

5  Attorneys for Defendants
**FEDERAL EXPRESS CORPORATION**
6

E-FILING

7

8

9                 **IN THE UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11  ORLANDO DELGADO, an
individual,
12

Case No.:  **C08   03576**   MMC

13                 Plaintiff,

**DEFENDANTS FEDERAL EXPRESS
CORPORATION'S NOTICE OF
REMOVAL**

14              v.

15  FEDERAL EXPRESS
CORPORATION, a Delaware
16  corporation and DOES 1-10,
inclusive,

**(DIVERSITY JURISDICTION 28
U.S.C. §1332)**

**[Cal. Code Civ. Proc. 430.10 (e) and
(f)]**

17
                 Defendants.
18

Complaint Filed: June 30, 2008

19       Defendant, Federal Express Corporation (hereinafter referred to as "FedEx"

20  or "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§

21

22  1441 and 1446, files this Notice of Removal effecting removal of the case styled

23  *Orlando Delgado v.  Federal Express Corporation, a Delaware Corporation Does

24  1 Through 10, Inclusive,* from San Mateo County Superior Court to the United

25

26  States District Court for the Northern District of California, San Francisco Division.

27  As grounds for removal, Defendants FedEx states as follows:

28       1.      This civil action was originally filed on June 30, 2008, in San Mateo

1

County Superior Court, and is now pending in said court, bearing Case No. CIV474303.

2.      Defendant Federal Express Corporation was served with the Summons and Complaint on June 30, 2008.  Said Defendant had not received a copy of the Complaint prior to that time.  The Summons and a copy of the Complaint are attached hereto as Exhibit A.

3.      The above-styled suit is a civil action for special, compensatory, and punitive damages, and for attorneys costs and fees, in which plaintiff, James Jordan, alleges eight causes of action against FedEx:  (1) retaliation in violation of Cal. Gov. Code §12940(h); (2) failure to take all reasonable steps to prevent harassment from occurring in violation of Cal. Gov. Code §12940(k); (3) violation of California wage laws (Cal. Lab. Code §§203, 226.7, and I.W.C. Wage Orders); (4) violation of California's Unfair Business Practices Act (Cal. Bus. & Prof. Code §§17200-17208); and (5) violation of California public policy.

4.      Plaintiff's Complaint does not specify the amount of damages sought, but FedEx submits that the Complaint contemplates an amount in controversy in excess of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks statutory economic damages, general, special, and incidental damages and amounts for emotional distress, punitive damages, attorney's fees, and such other and further relief as the Court deems just and proper.  See Exhibit "A," Complaint, Prayer for Relief, p. 12.

Notice of Removal Diversity

5.    Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-861 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount.    Bank of Calif. v. Twin Harbors Lumber Co., 465 F.2d 489, 491 (9th Cir. 1972).    Defense counsel's testimony itemizing the bases for plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. Gafford v. General Electric Co., 997 F.2d 150, 160-161 (6th Cir. 1993).

6.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims.    Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843, n.1 (9th Cir. 2002), citing Willingham v.

Notice of Removal Diversity

1    <u>Morgan</u>, 395 U.S. 402, 407, n.3 (1969).

2        7.    The amount in controversy may include general and special
3
4    compensatory damages and attorney's fees which are recoverable by statute. <u>Galt</u>
5    <u>G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may
6
7    examine the nature of the action and the relief sought and take judicial notice of
8    attorney's fee awards in similar cases. <u>See</u>, <u>e.g.</u>, <u>Simmons v. PCR Technology</u>, 209
9    F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual
10
11   employment discrimination cases often exceed damages).

12       8.    Cases in the Ninth Circuit firmly establish that statutory attorney's fees
13   will be included as a basis for determining the jurisdictional amount in controversy.
14
15   <u>See Galt G/S</u>, <u>supra</u>, 142 F.3d at 1155-56. Furthermore, such fees are calculable
16   beyond the time of removal. <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d at 1035.

17       9.    Punitive damages are also included in calculating the amount in
18
19   controversy. <u>Davenport v. Mutual Ben. Health & Acc. Ass'n</u>, 325 F.2d 785, 787
20   (9th Cir. 1963); <u>see</u> <u>also</u> <u>Aucina v. Amoco Oil Co.</u>, 871 F.Supp. 332 (S.D. Iowa
21   1994). The potential punitive damage award against a defendant such as FedEx
22
23   alone may satisfy the amount in controversy requirement.   Although FedEx
24   vigorously denies Plaintiff's allegations, if Plaintiff was to prevail on one of his
25   claims and establish the requisite state of mind, the punitive damages alone could
26
27   exceed the jurisdictional minimum. Plaintiff's statement satisfies the jurisdictional
28   prerequisite for amount in controversy. It cannot be said to a legal certainty that

4

1   Plaintiff would not be entitled to recover the jurisdictional amount.  Anthony v.

2   Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996); Watson

3

4   v. Blankinship, 20 F.3d 383, 386-387 (10th Cir. 1994).

5       10.     In Aucina v. Amoco Oil Co., the defendant-employer established that

6   the amount in controversy exceeded the jurisdictional minimum where the former

7

8   employee asserted claims for lost wages, lost benefits, mental anguish, and punitive

9   damages:  The court noted that the defendant was a Fortune 500 Company, and that

10  "[b]ecause the purpose of punitive damages is to capture a defendant's attention

11

12  and deter others from similar conduct" the plaintiff's claim for punitive damages

13  "might alone" exceed the jurisdictional minimum.  Aucina, 871 F.Supp. at 334.

14      11.     Moreover, specific recent verdicts in employment cases indicate that

15

16  verdicts well in excess of the jurisdictional requisite were awarded to plaintiffs.  (A

17  copy of a verdict survey is attached to the Declaration of Cynthia Gonzalez as

18  Exhibit A).  In this vein, sometimes plaintiffs in employment cases are awarded for

19

20  emotional distress and/or attorney's fees although the economic losses are rather

21  limited.  For example, in Williams v. Corona/Norco Unified School District, Case

22

23  No. 279869, decided February 4, 1997, the plaintiff, a 57-year-old African-

24  American elementary school principal, had worked for the school district for only

25  four and a half (4½) months prior to termination.  Although the proved loss of

26

27  earnings was only $27,000.00 and future loss of earnings was $113,000.00, the

28  verdict was for $325,000.00 on grounds of infliction of emotional distress.

Notice of Removal Diversity

12.     Defendants' Notice of Removal has been filed within 30 days after the service on Defendants of Plaintiff's Complaint in accordance with 28 U.S.C. §1446(b).

13.     Venue is proper in this Court.

14.     Copies of this Notice of Removal and a Notice of Filing of Notice of Removal, attached hereto as Exhibit B, have been mailed to Plaintiff and are being filed with the Clerk of the San Mateo County Superior Court. A copy of the Notice filed with the Clerk of the Superior Court will be filed with this court within five (5) days. Defendant filed an Answer with the State court prior to removing this case to this Court. A copy of the Answer filed with the clerk of the San Mateo County Superior Court is attached hereto as Exhibit C.

15.     Plaintiff is currently, and was at the commencement of this action, a citizen of the State of California. Complaint at ¶2. Defendant, Federal Express Corporation is not citizens of California. Complaint at ¶3 and Declaration of Cynthia Gonzalez, attached hereto as Exhibit D.

16.     This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332. This action is properly removable to federal court pursuant to 28 U.S.C. § 1332 and §1441(a).

Notice of Removal Diversity

1    WHEREFORE, Defendants hereby removes this action from the San Mateo

2  County Superior Court to the United States District Court for the Northern District

3
    of California, San Francisco.
4

5
   DATED: July 25, 2008              Respectfully submitted,
6

7

8                                     By:
                                         Christopher J. Yost
9                                        Attorney for Defendant
                                         FEDERAL EXPRESS CORPORATION
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7                    Notice of Removal Diversity

**EXHIBIT A**

*6/30/08 => 2:58P*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FEDERAL EXPRESS CORPORATION, a Delaware corporation and<br>DOES 1 through 10, inclusive | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>JUN 3 0 2008<br><br>Clerk of the Superior Court<br>By ____ R. Montgomery<br>DEPUTY CLERK |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ORLANDO DELGADO, an individual

RECEIVED
JUL 0 3 2008
LITIGATION
SUPPORT GROUP

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Mateo<br>400 County Center<br>Redwood City, CA 94063 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV 4 7 4 3 0 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Enrique Martinez, Esq.   (510) 287-4302
360 Grand Ave., #141  Oakland, CA 94610

| | | |
|---|---|---|
| DATE: **JUN 3 0 2008**<br>*(Fecha)* | **JOHN C. FITTON** Clerk, by **R. MONTGOMERY** _____ , Deputy<br>*(Secretario)* *(Adjunto)* | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): FEDERAL EXPRESS CORPORATION, A DELAWARE CORPORATION

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1   ROBERT SALINAS, SBN 184260
    PAMELA KONG, SBN 220912
2   SUNDEEN SALINAS & PYLE
    1330 Broadway, Suite 1830
3   Oakland, California 94612
    Telephone: (510) 663-9240
4   Facsimile: (510) 663-9241

5   ENRIQUE MARTÍNEZ, SBN 206884
    LAW OFFICES OF ENRIQUE MARTÍNEZ
6   360 Grand Ave., #141
    Oakland, California 94610
7   Telephone: (510) 287-4302
    Facsimile: (510) 835-1417
8
9   Attorneys for Plaintiff
    ORLANDO DELGADO

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 3 0 2008

Clerk of the Superior Court
By ___R. Montgomery___
DEPUTY CLERK

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF SAN MATEO

13

14   ORLANDO DELGADO, an individual,          Case No.: **CIV 4 7 4 8 0 3**

15                                            **COMPLAINT FOR:**

16              Plaintiff,                    1.  **RETALIATION IN VIOLATION OF**
                                                  **CAL. GOV. CODE § 12940(h);**
17   vs.
                                              2.  **FAILURE TO TAKE ALL REASONABLE**
18                                                **STEPS TO PREVENT HARASSMENT**
                                                  **FROM OCCURRING IN VIOLATION OF**
19   FEDERAL EXPRESS CORPORATION, a               **CAL. GOV. CODE § 12940(k);**
     Delaware corporation and DOES 1 through 10,
20   inclusive,                               3.  **VIOLATION OF CALIFORNIA WAGE**
                                                  **LAWS (CAL. LAB. CODE §§ 203, 226.7**
21                                                **AND I.W.C. WAGE ORDERS);**
                Defendants.
22                                            4.  **VIOLATION OF CALIFORNIA'S**
                                                  **UNFAIR BUSINESS PRACTICES ACT**
23                                                **(CAL. BUS. & PROF. CODE §§ 17200-**
                                                  **17208); AND,**
24
                                              5.  **VIOLATION OF CALIFORNIA PUBLIC**
25                                                **POLICY.**

26                                            **DEMAND FOR JURY TRIAL**

27

28

                                   1
       DELGADO v. FEDERAL EXPRESS CORP.    COMPLAINT FOR DAMAGES

1    Plaintiff Orlando Delgado alleges his Complaint against Defendant Federal Express
2  Corporation (FedEx) as follows:
3                                  **INTRODUCTION**
4    1.    This case is about Orlando Delgado, an employee with an excellent work history at
5  FedEx, who complained of discrimination and harassment based on national origin at the hands of
6  two supervisors in the FedEx San Francisco International Airport Gateway facility (SFO Gateway).
7  Mr. Delgado used FedEx's complaint process to inform management of the retaliation he was facing
8  after his complaints.  He also followed the chain of command to challenge FedEx's investigation
9  findings regarding one of his complaints.  However, instead of ending the supervisors' retaliation
10 against Plaintiff, FedEx management terminated Mr. Delgado's employment in violation of
11 California's Fair Employment and Housing Act (FEHA).  Plaintiff also did not receive his second rest
12 periods, as required by the California Labor Code.
13                                    **PARTIES**
14   2.    Plaintiff Orlando Delgado is an individual who, at all times relevant hereto, was a
15 resident of the State of California, County of Alameda, and worked in the County of San Mateo for
16 Federal Express Corporation at the San Francisco International Airport (SFO).
17   3.    Defendant Federal Express Corporation currently is, and at all times relevant hereto
18 was, a corporation organized and existing by virtue of the laws of the State of Delaware and was, and
19 is, conducting business in the County of San Mateo.
20   4.    Plaintiff at this time is unaware of the true names and capacities of the defendants sued
21 herein as DOES 1-10, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff
22 is informed and believes, and on that basis alleges, that each fictitiously named defendant is
23 responsible in some manner for the occurrences herein alleged, and that the injuries to Plaintiff herein
24 alleged were legally caused by the conduct of such defendants.  Plaintiff will seek leave to amend the
25 Complaint to substitute the actual names of such individuals when their identities are determined.
26                             **FACTUAL ALLEGATIONS**
27   5.    Plaintiff was hired by FedEx in or about November 2000.  Mr. Delgado performed his
28 job in an exemplary fashion and consistently received excellent performance reviews during his career

1  at FedEx. Mr. Delgado is a Latino of Nicaraguan ancestry.

2        6.     Throughout Plaintiff's employment, he was a "Material Handler" and worked only on

3  the weekends. Plaintiff's basic duties were to load and unload airplane cargo and perform related

4  duties in the graveyard shift. Mr. Delgado maintained full-time employment at other companies

5  during his tenure at FedEx and through the present.

6        7.     In approximately August 2006, Mr. Delgado first complained to FedEx management at

7  SFO that ramp agent/supervisor Rendy Sjamsoeri showed favoritism toward his fellow Asian

8  American workers and discriminated against Latinos, including Mr. Delgado. For instance, Mr.

9  Sjamsoeri frequently ordered the Latino employees to work, while he and some of his Asian

10 American co-workers watched movies, played baseball or took long smoking breaks. Mr. Sjamsoeri

11 also separated Plaintiff and other Latino workers when they were working together and often

12 addressed them in a disrespectful manner. Mr. Delgado was provided with and filed the appropriate

13 equal employment opportunity (EEO) forms.

14       8.     On or about December 4, 2006, Plaintiff received a letter from the Human Resources

15 (HR) department stating that after thorough investigation, FedEx found that Mr. Sjamsoeri had

16 violated company policies. Plaintiff was not given information as to whether Mr. Sjamsoeri was

17 disciplined in any way.

18       9.     Due to Mr. Delgado's complaint of discrimination to HR, Mr. Sjamsoeri took

19 retaliatory actions against Plaintiff including, but not limited to, manipulating his assignments,

20 refusing to train him and failing to assist him in doing tasks that required two persons. Plaintiff

21 repeatedly complained to upper management that Mr. Sjamsoeri was retaliating against him. Mark

22 Gudelunas, graveyard shift manager, simply told Plaintiff that he would take care of it, but did

23 nothing to stop Mr. Sjamsoeri's retaliation. Plaintiff also complained to Glen Van Winkle, SFO

24 General Manager and Mr. Gudelunas manager, but Mr. Van Winkle cancelled his meeting with

25 Plaintiff and failed to return his phone calls. Plaintiff then complained to HR representative Karen

26 Keaton about Mr. Sjamsoeri's actions against him and the fact that Mr. Gudelunas was doing nothing

27 to stop the retaliation. Ms. Keaton simply told Plaintiff that she would have Mark (Mr. Gudelunas)

28 look into it, which he did not do so.

10.    Mr. Delgado and other Latino employees also complained to FedEx HR about ramp agent/supervisor Lynice Sanders' discriminatory behavior.    On or about April 7, 2007, while employees were waiting around after a pre-work meeting and engaged in conversation within various groups, Ms. Sanders yelled at Plaintiff and other Latino employees who were speaking Spanish, "No Spanish speaking here!"  All employees present stood in silence and disbelief that Ms. Sanders had made such a remark, especially since employees were speaking in different languages with their co-workers.

11.    One of the Latino employees told Ms. Sanders words to the effect of "that's discrimination!"  Another Latino employee commented that it was not right for Ms. Sanders to have told them to not speak Spanish.  Mr. Delgado and the other Latino employees who were speaking Spanish went to complain to Mr. Gudelunas about Ms. Sanders' behavior.  Mr. Gudelunas told Plaintiff that he believed there was such a policy of not speaking another language at FedEx because FedEx is an "American company" based out of the United States, and that he would call Ms. Keaton to get more clarification.  Mr. Delgado requested paperwork from HR to submit a complaint of discrimination and harassment.

12.    On or about April 14, 2007, Mr. Delgado followed up again with Mr. Gudelunas regarding the alleged policy of only speaking English at FedEx.  Mr. Gudelunas responded that he could not find anything in the FedEx manual that only English could be spoken at work.  Mr. Delgado also inquired with Mr. Gudelunas if HR Representative Karen Keaton would visit SFO Gateway to investigate the matter and Mr. Gudelunas responded that she would not be coming.  Mr. Delgado told him that he felt Ms. Sanders' actions and Mr. Gudelunas support of her behavior were a violation of the EEO policies at FedEx and of the law.  Plaintiff conveyed to Mr. Gudelunas that FedEx is a corporation where speaking multiple languages is one of the reasons the company functions globally.  Plaintiff also called Mr. Van Winkle to complain about Ms. Sanders' behavior, but Mr. Van Winkle did not return his phone calls.

13.    Pursuant to FedEx's rules, Plaintiff escalated his complaint to the FedEx HR office again.  Mr. Delgado submitted his complaint of discrimination through FedEx's internal complaint process and received a letter dated April 24, 2007 from FedEx's HR Compliance department in

1  Memphis, Tennessee, acknowledging that FedEx would investigate the matter.

2      14.    On or about April 28, 2007, HR Managing Director Ms. Carter and Ms. Keaton went to

3  SFO Gateway to meet with Plaintiff and other employees about the incident of April 7th. Ms. Carter

4  asked Mr. Delgado questions such as, did he speak Spanish or sing in Spanish at work, to which

5  Plaintiff answered in the affirmative.  Plaintiff also complained about Mr. Gudelunas telling his

6  employees that since FedEx is an American company, speaking other languages is discouraged.

7  Plaintiff reiterated to Ms. Carter and Ms. Keaton that Mr. Sjamsori continued to retaliate against him

8  due to the discrimination complaint lodged by Plaintiff and that nothing was being done to prevent it.

9      15.    On or about June 6, 2007, Mr. Delgado received a letter dated June 4, 2007 from Ms.

10  Carter stating, "Although our investigation did not reveal any policy violations, I want to let you

11  know that FedEx takes all complaints seriously."

12      16.    After Plaintiff submitted his EEO complaint to FedEx concerning Ms. Sanders'

13  behavior, Ms. Sanders refused to communicate and assist Plaintiff with work assignments.  For

14  instance, Plaintiff asked her about specific freight or forms essential to do his job, but Ms. Sanders

15  simply ignored him, preventing Plaintiff from performing his duties.  Mr. Delgado complained to Mr.

16  Gudelunas about this retaliatory behavior and Mr. Gudelunas told Plaintiff that he would look into it.

17  Ms. Sanders, as the Ramp Agent, however, continued making Plaintiff's work increasingly difficult.

18  Other employees also began to pattern Ms. Sanders' behavior of ignoring Mr. Delgado's requests for

19  help or inquiries regarding assignments.  Plaintiff again repeatedly complained to Mr. Gudelunas that

20  he was encountering team member issues and that Ms. Sanders and Mr. Sjamsori refused to provide

21  him with the proper loading documentation, but the retaliation against Plaintiff continued.

22      17.    Over the next several months, Mr. Delgado communicated with Ms. Carter and wrote

23  letters to other management, including Audra Schroder, HR Compliance in Memphis, Scott Bunker,

24  AGFS Western Region in Huntington Beach, California and Vice President Larry Brown in Memphis,

25  to appeal HR's finding that Ms. Sanders had done nothing wrong.  In emailed letters dated August 15,

26  2007 sent to Mr. Bunker and Mr. Brown, Mr. Delgado also complained about the continued retaliation

27  by Mr. Sjamsoeri, based on his first EEO complaint, and how Mr. Gudelunas had failed to stop the

28  retaliation.

1   18. On September 6, 2007, Mr. Delgado wrote to Mr. Van Winkle that Ms. Sanders

2 refused to give Mr. Delgado a sympathy card everyone else got a chance to sign for a co-worker

3 whose father had passed away. Mr. Delgado explained that he felt it was an example of the retaliation

4 he had been facing from Ms. Sanders as a result of his complaint against her. On or about September

5 8, 2007, Mr. Delgado also wrote a follow-up letters to Mr. Bunker and Vice President Brown because

6 he had not received any responses to his letter of August 15th.

7   19. On or about September 17, 2007, Mr. Delgado was called into a meeting in Oakland

8 with Ms. Keaton and Guy Capriulo, who had replaced Connie Carter as HR Managing Director. Mr.

9 Capriulo and Ms. Keaton explained to Plaintiff that the sympathy card incident was not retaliation and

10 that he could buy his own card if he wished to do so. Mr. Delgado responded that he felt it went

11 against FedEx's "Purple Promise" of respecting your fellow employees and explained how Ms.

12 Sanders was also retaliating against him within the scope of their duties. Plaintiff further described

13 how Mr. Sjamsori had continued to retaliate against him by completely ignoring his requests for help

14 (e.g. duties that required two team members) or failing to provide specific instructions for a particular

15 flight. They responded to Mr. Delgado that they would look into his complaints of retaliation,

16 however, Mr. Capriulo emphasized to Plaintiff that his EEO complaints were "dead in the water" and

17 that his letters flying all over the country were a waste of time. Mr. Capriulo warned Plaintiff that if

18 he continued going through the company's complaint process, he would discipline Mr. Delgado. Mr.

19 Capriulo also emphasized that FedEx is an "English-speaking company" and that Mr. Delgado or any

20 other employee should not be allowed to speak in a foreign language. Mr. Capriulo added that if he

21 heard any employees in the Oakland facility speak in a foreign language, he would bring it to their

22 attention that it is not allowed. The meeting concluded with Plaintiff repeating that the retaliation he

23 was facing from Ms. Sjamsori and Ms. Sanders had been going for a long time and that no one was

24 doing anything to stop it.

25   20. On September 30, 2007 at approximately 4:00 a.m., Mr. Delgado was called into the

26 office. At the office was Paul Ferrer, who introduced himself as a manager from the San Jose facility

27 and he was instructed to meet with Mr. Delgado, pursuant to Mr. Capriulo's orders. Mr. Delgado

28 thought Mr. Ferrer was there to investigate his complaints against Mr. Sjamsori and Ms. Sanders since

1  Mr. Ferrer asked him general questions such as, "how do you treat your fellow co-workers?" and
2  because Mr. Delgado had been told by HR in Oakland that they would look into those complaints.
3  Mr. Ferrer also asked Mr. Delgado if he spoke Spanish at work and told Mr. Delgado that he and his
4  workers in San Jose spoke Spanish and there was nothing against speaking Spanish at work. Finally,
5  Mr. Ferrer told Plaintiff that he was there to investigate a complaint that was lodged against him. Mr.
6  Delgado asked what complaint, but Mr. Ferrer simply said it was confidential and that an
7  investigation would take place.

8      21.    On or about October 7, 2007, Mr. Delgado was called into a meeting, where Mr.
9  Gudelunas asked him to answer certain questions in writing. Mr. Gudelunas told Plaintiff that he had
10  allegedly driven a transporter vehicle at unsafe speeds and yelled at a co-worker. Mr. Gudelunas gave
11  Mr. Delgado a "letter of suspension," dated October 6, 2007, collected his identification badges and
12  sent Plaintiff home.

13     22.    In response to Plaintiff's letters of August 15th and September 8th to Vice-President
14  Brown, and while he was on suspension, Mr. Delgado finally received a letter dated October 11, 2007
15  from Robert A. Speroff, HR Managing Director in Memphis. Mr. Speroff wrote that Mr. Delgado's
16  EEO complaints had been "responded to appropriately." On October 13th, Orlando was scheduled to
17  return to work after his suspension, but he called in sick due to the stress he was facing at FedEx. On
18  or about October 17th, Mr. Delgado went to his medical provider and received counseling services as
19  a result of the problems he was facing at FedEx.

20     23.    On October 20, 2007, Mr. Delgado returned to work after his suspension. Since
21  Plaintiff no longer had his badges, Mr. Gudelunas met him at the entrance and took Plaintiff directly
22  into the office. Mr. Gudelunas already had Plaintiff's check and termination letter (which had been
23  prepared since October 13th) on the table. Mr. Delgado was not told by management who was the
24  employee who had complained of his alleged behavior or other details surrounding the investigation.
25  A security guard led Mr. Delgado to his locker to get his personal belongings and to return his
26  uniforms. After nearly seven years of excellent service at FedEx, the security guard escorted Mr.
27  Delgado out into the parking lot.

28     24.    In response to FedEx's retaliation and inexplicably tolerant allowance of the foregoing

1  hostile work environment on its premises, Plaintiff filed an administrative complaint and exhausted
2  the required administrative remedies with the California Department of Fair Employment & Housing
3  (the "DFEH"). Attached as Exhibit A is a true and correct copy of the DFEH "Right to Sue" letter
4  authorizing him to file suit against Defendant under the Fair Employment and Housing Act, California
5  Government Code § 12900, et seq. (hereinafter referred to as the "FEHA").

6      25.    In addition to the FEHA violations alleged herein, Plaintiff alleges that he was not
7  provided with or informed that he was entitled to a second rest period in their 12-hour shift. Thus,
8  Plaintiff did not take a second rest period until in or about July 2007, when Plaintiff was called into a
9  meeting by Mr. Gudelunas who explained that from that point on, employees had to take a second rest
10  period and write it on their timecards. Mr. Gudelunas then had Plaintiff and other workers sign a
11  document stating that they understood it was their right to take a second rest period.

12                          **FIRST CAUSE OF ACTION**
13                  **(For Retaliation in Violation of the FEHA)**

14      26.    Plaintiff realleges and incorporates all paragraphs above as though fully set forth
15  herein.

16      27.    As described in detail above, Plaintiff engaged in legally protected activity, namely,
17  expressing opposition to discrimination based on national origin and repeatedly complaining about
18  retaliation against him by his supervisors.

19      28.    Defendant, and as aided by the managing agents of FedEx, subjected Plaintiff to
20  adverse employment actions as described above, and which include actually terminating his
21  employment. Plaintiff's protected activity was a motivating factor for the adverse employment
22  actions.

23      29.    Defendant's retaliatory acts, and as aided by the managing agents of FedEx, were
24  unlawful and violated the FEHA, including Government Code § 12940, et seq.

25      30.    As a direct and proximate result of Defendant's misconduct against Plaintiff, he has
26  sustained, and continues to sustain, substantial losses in earnings and other employment benefits, and
27  has suffered, and continues to suffer, humiliation, emotional distress, pain and suffering, and anguish,
28  all to his damage in a sum according to proof at trial.

31.    As a result of the unlawful retaliation by Defendant, Plaintiff is entitled to a statutory award of reasonable attorneys' fees and costs according to proof and pursuant to the FEHA, including, but not limited to, California Government Code section 12965(b), and Code of Civil Procedure section 1021.5.

32.    Defendant permitted the retaliation described in this complaint oppressively, fraudulently, and maliciously, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial but sufficient to punish each of the Defendant for its conduct.

## SECOND CAUSE OF ACTION

### (For Failure to Take All Reasonable Steps to Prevent and Remediate the Retaliation as Required Under the FEHA)

33.    Plaintiff realleges and incorporates all paragraphs above as though fully set forth herein.

34.    California Government Code § 12940, *et seq.* provides that it shall be an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent retaliation and discrimination from occurring.

35.    Plaintiff alleges upon information and belief that Defendant failed to comply with the required procedural protections under the FEHA. Defendant's failure to provide FEHA procedural protections include, but is not limited to, conducting a proper investigation into Plaintiff's complaints and taking immediate corrective action.

36.    As a result of Defendant's conduct and failure to comply with the required procedural protections, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost wages and benefits, severe emotional distress, pain and anguish all in a sum according to proof at trial, which is in excess of the minimum jurisdictional requirements of this Court.

37.    As a result of Defendant's misconduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Upon a finding of liability for the misconduct described above, Plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof and pursuant to statute including, but not limited to, California Government Code section 12965(b) and

1 | Code of Civil Procedure section 1021.5.

2 |     38.    In carrying out the acts alleged above, Defendant acted with oppression, fraud, and
3 | malice, and Plaintiff is thereby entitled to an award of punitive and exemplary damages pursuant to
4 | California Civil Code section 3294 in an amount to be proven at trial but sufficient to punish the
5 | Defendant for its conduct.

6 | ### THIRD CAUSE OF ACTION

7 | **(For Violation of California Wage Laws)**

8 |     39.    Plaintiff realleges and incorporates all paragraphs above as though fully set forth
9 | herein.

10 |     40.    The California Labor Code and the Industrial Welfare Commission (IWC) provide for
11 | minimum employment conditions to be followed by all employers within the State of California.
12 | California law including, but not limited to, Cal. Lab. Code §§ 226.7 and 516, and IWC wage orders
13 | including, but not limited to, IWC Wage Order 9-2001, require that employees receive a paid rest
14 | break of not less than 10 minutes for each period of four hours worked.

15 |     41.    Plaintiff alleges that Defendant failed to provide him with a second rest period of not
16 | less than 10 minutes when and as required, all in violation of California law, and failed to pay
17 | Plaintiff for those rest periods not provided, including civil statutory wages pursuant to California
18 | Labor Code sections 226.7.

19 |     42.    Plaintiff further alleges that Defendant willfully failed to pay all wages upon
20 | termination of his employment, when those wages were due, which entitles Plaintiff to 30 days of
21 | statutory wages as required by California law including, but not limited to, Cal. Lab. Code §§ 201,
22 | 202, and 203.

23 |     43.    As a result of Defendant's unlawful acts, Plaintiff has been deprived of wages in
24 | amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon,
25 | attorneys' fees, costs, and penalties, under Labor Code sections 203 and 226.7.

26 | ### FOURTH CAUSE OF ACTION

27 | **(For Violation of California Bus. & Prof. Code §§ 17200-17208)**

28 |     44.    Plaintiff realleges and incorporates all paragraphs above as though fully set forth

1 | herein.

2 | 45.    California Business and Profession Code § 17200 *et seq.* prohibits unfair competition,

3 | that is, any unlawful, unfair or fraudulent business practice.

4 | 46.    The acts and practices described above constitute unfair, unlawful and fraudulent

5 | business practices, and unfair competition, within the meaning of Business and Professions Code §

6 | 17200 *et seq.*, because they forced Plaintiff to work under substandard unlawful conditions as

7 | described above, while enabling Defendant to gain an unfair competitive advantage over law-abiding

8 | employers and competitors.

9 | 47.    ·As a result of its unlawful and/or unfair acts, Defendant has reaped unfair benefits and

10 | illegal profits at Plaintiff's expense.  Defendant should be made to disgorge these ill-gotten gains and

11 | restore to Plaintiff the wrongfully withheld rest period wages and/or statutory penalties, related

12 | waiting time penalties and interest, pursuant to Business and Professions Code §§ 17202 and 17203.

13 | **FIFTH CAUSE OF ACTION**

14 | **(For Violation of California Public Policy)**

15 | 48.    Plaintiff realleges and incorporates all paragraphs above as though fully set forth

16 | herein.

17 | 49.    Defendant, and its supervisors and managing agents, subjected Plaintiff to unlawful

18 | and unfair retaliation and ultimately wrongful employment termination, in violation of California

19 | public policy and state employment-related laws, including, but not limited to, the California

20 | Constitution, Art. I, § 8, California Government Code §§ 12900, *et seq.*, California Code of

Regulations section 7287.6, California Business and Professions Code § 17200, *et seq.*, and the

21 | California Labor Code, including California Labor Code sections 201, 202, 203 and 226.7.

22 | 50.    As a direct and proximate result of Defendant's violation of California public policy

23 | and employment-related laws, Plaintiff has suffered, and continues to suffer, damages, including, but

24 | not limited to, emotional distress and lost wages, all in a sum according to proof at trial.

25 | 51.    Furthermore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs

26 | according to proof and pursuant to statute, including, but not limited to, Code of Civil Procedure

27 | section 1021.5.

28 |

1    52.    Defendant permitted the retaliatory, hostile and intimidating work environment to

2    continue, and committed the acts described in this complaint oppressively, fraudulently, and

3    maliciously, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to

4    Civil Code section 3294, in an amount to be proven at trial but sufficient to punish the Defendant for

5    its conduct.

6                                **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff prays for relief against Defendant as follows:

8                          **AS TO ALL CAUSES OF ACTION**

9    A.    For economic damages according to proof;

10   B.    For general, special and incidental damages and amounts for emotional distress

11   according to proof;

12   C.    For punitive damages in an amount appropriate to punish Defendant for its wrongful

13   conduct and set an example for others;

14   D.    For prejudgment interest at the legal rate as provided by law;

15   E.    For attorneys' fees and costs as permitted under applicable law; and.

16   F.    For such other and further relief as the Court deems just and proper.

17   DATED: June 30, 2008                    LAW OFFICES OF ENRIQUE MARTINEZ

18

19                                           By _____
20                                               Enrique Martinez
                                                 Attorneys for Plaintiff
21                                               Orlando Delgado

22                                **REQUEST FOR JURY TRIAL**

23

24   Plaintiff further requests a trial by jury on all issues properly belonging before a jury.

25   DATED: June 30, 2008                    LAW OFFICES OF ENRIQUE MARTINEZ

26

27                                           By _____
                                                 Enrique Martinez
28                                               Attorneys for Plaintiff
                                                 Orlando Delgado

                                           12

**EXHIBIT B**

1   Christopher J. Yost, Bar No. 150785
    **FEDERAL EXPRESS CORPORATION**
2   2601 Main Street, Suite 340
    Irvine, California 92614
3   Telephone:  (949) 862-4558
    Facsimile:  (949) 862-4605
4   Email:  cjyost@fedex.com

5   Attorneys for Defendants
    FEDERAL EXPRESS CORPORATION

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11  ORLANDO DELGADO, an individual,          CASE NO.: CIV 474303

12           Plaintiff,                       **DEFENDANT FEDERAL EXPRESS
                                              CORPORATION'S NOTICE OF FILING
13              v.                            NOTICE OF REMOVAL**

14  FEDERAL EXPRESS CORPORATION,
    a Delaware corporation and DOES 1-10,
15  inclusive,                               Complaint Filed: June 30, 2008

16           Defendants.

17

18  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that Federal Express Corporation has filed in the United States

20  District Court for the Northern District –San Francisco Division, the attached Notice of Removal,

21  thereby effecting the removal of this case to that Court, pursuant to Title 28 U.S.C. §1446(d).

22

23  DATED:  July 25, 2008            Respectfully submitted,

24

25                                  By: _____
                                         Christopher J. Yost
26                                       Attorney for Defendant
                                         FEDERAL EXPRESS CORPORATION
27

28

                                        1
    DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL

1

**PROOF OF SERVICE**

2

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, CA 92614.

3

4

      On July 25, 2008, I served the within document(s):

5

6

**DEFENDANT FEDERAL EXPRESS CORPORATION'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

8

9

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California in accordance with Federal Express Corporation's ordinary business practices.

11

12

13

      **Robert Salinas, Esq, & Pamela Kong, Esq.**
      **Sundeen, Salinas, & Pyle**
      **1330 Broadway, Suite 1830**
      **Oakland, CA  94612**
      **Telephone No.: (510) 663-9240 / Facsimile No.: (510) 663-9241**

14

15

      **Enrique Martinez, Esq.**
      **Law Office of Enrique Martinez**
      **360 Grand Avenue, #141**
      **Oakland, CA  94610**
      **Telephone No.: (510) 287-4302 / Facsimile No.: (510) 835-1417**
      **Attorneys for Plaintiff, Orlando Delgado**

16

17

18

19

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

      Executed on July 25, 2008, at Irvine, California.

23

                         _____

24

                         Renee K. Aven

739457

25

26

27

28

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL

**EXHIBIT C**

1   Christopher J. Yost, Bar No. 150785
    **FEDERAL EXPRESS CORPORATION**
2   2601 Main Street, Suite 340
    Irvine, California 92614
3   Telephone: (949) 862-4558
    Facsimile: (949) 862-4605
4   Email: cjyost@fedex.com

5   Attorney for Defendant
    FEDERAL EXPRESS CORPORATION
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 IN AND FOR THE COUNTY OF SAN MATEO
10

11   ORLANDO DELGADO, an individual,       CASE NO.: CIV 474303

12            Plaintiff,           **ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

13            v.

14   FEDERAL EXPRESS CORPORATION,     Complaint Filed: June 30, 2008
    a Delaware corporation and DOES 1-10,
15   inclusive,

16           Defendants.

17

18       Defendant, FEDERAL EXPRESS CORPORATION (hereinafter referred to as "FedEx" or

19   "Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff ORLANDO

20   DELGADO ("Plaintiff") on file herein as follows:

21                         **ANSWER**

22       Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and

23   specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of

24   action contained therein. Defendant further deny, generally and specifically, that Plaintiff has been

25   damaged in the sums alleged or in any sum at all as a result of the acts, omissions or other conduct of

26   Defendant, Defendant's agents, employees or independent contractors, alleged in the Complaint and

27   deny that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint.

28   Defendant further deny that they are in any way liable to Plaintiff or that they have acted or failed to

:EDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

1
ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1 | act so as to be the legal cause of any damage to Plaintiff.

2

## AFFIRMATIVE DEFENSES

3 | As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported

4 | causes of action therein, Defendant allege and aver the following, but do not concede that they have

5 | the burden of proof with respect to any such affirmative defense:

6

## FIRST AFFIRMATIVE DEFENSE

7 | 1.    The Complaint, and each purported cause of action contained therein, fails to state

8 | facts sufficient to constitute a cause of action against Defendant.

9

## SECOND AFFIRMATIVE DEFENSE

10 | 2.    The Complaint, and each purported cause of action contained therein, is barred, in

11 | whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on

12 | which they, or their agents and/or employees, based their acts, omissions and conduct taken with

13 | respect to Plaintiff and all acts were undertaken for legitimate business reasons.

14

## THIRD AFFIRMATIVE DEFENSE

15 | 3.    The acts, omissions or other conduct alleged in the Complaint, and each purported

16 | cause of action contained therein, was based on reasonable, non-discriminatory factors and was free

17 | from unlawful discrimination or violation of public policy of any kind.

18

## FOURTH AFFIRMATIVE DEFENSE

19 | 4.    Defendant expressly denies that it engaged in any unlawful conduct towards Plaintiff.

20 | However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of

21 | Defendant occurred, such conduct was neither authorized nor ratified by Defendant.

22

## FIFTH AFFIRMATIVE DEFENSE

23 | 5.    The Complaint, and each purported cause of action contained therein, is barred, in

24 | whole or in part, by virtue of the doctrine of unclean hands.

25

## SIXTH AFFIRMATIVE DEFENSE

26 | 6.    The Complaint, and each purported cause of action contained therein, is barred

27 | because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts,

28 | omissions or other conduct of Defendant.

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4505 (FAX)

2
ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1

## SEVENTH AFFIRMATIVE DEFENSE

2       7.      Plaintiff was employed for no definite term, and his employment was thus terminable

3   at will.

4

## EIGHTH AFFIRMATIVE DEFENSE

5       8.      Any and all claims asserted by Plaintiff based in whole or in part upon alleged

6   physical, emotional, economic or other injury or distress are barred because Plaintiff's sole and

7   exclusive remedy for such injuries, if any, is governed by the California Workers' Compensation

8   laws ("Act"), because Plaintiff's claims occurred at a time when (a) Defendant and Plaintiff were

9   subject to the compensation provisions of the Act, (b) Plaintiff was performing services growing out

10  of and incidental to his employment, and (c) the injuries complained of by Plaintiff in his action

11  allegedly were caused by his employment. California Labor Code, § 3600, et seq.

12

## NINTH AFFIRMATIVE DEFENSE

13      9.      Plaintiff is estopped from recovering damages pursuant to the Complaint, and each

14  purported cause of action contained therein, by his acts, omissions or other conduct, including, but

15  not limited to, his failure to utilize and otherwise exhaust his remedies under Defendant's internal

16  complaint procedure to complain of the acts, omissions and conduct alleged in a timely fashion.

17

## TENTH AFFIRMATIVE DEFENSE

18      10.     Plaintiff has waived his right to recover damages or any other relief against

19  Defendant by his own acts, omissions or conduct.

20

## ELEVENTH AFFIRMATIVE DEFENSE

21      11.     Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any,

22  as required by law.

23

## TWELFTH AFFIRMATIVE DEFENSE

24      12.     To the extent that Plaintiff has suffered physical injuries and/or emotional distress,

25  Plaintiff's injuries or damages, if any, were caused by factors unrelated to the conditions of his work

26  environment, or the acts or omissions of Defendant.

27

## THIRTEENTH AFFIRMATIVE DEFENSE

28      13.     Defendant are entitled to set off any recovery Plaintiff receives or received under the

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4556 (TEL)
949-862-4605 (FAX)

3

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1  California Workers' Compensation Act and/or California's State Disability Insurance Act for injuries

2  or damages alleged in the Complaint against any damages award to his in this action, if any.

3  ### FOURTEENTH AFFIRMATIVE DEFENSE

4      14.    Plaintiff is not entitled to pre-judgment interest in this matter because his claims do

5  not qualify for such interest. California Civil Code, §§ 3287 and 3288.

6  ### FIFTEENTH AFFIRMATIVE DEFENSE

7      15.    Plaintiff's claims are barred by virtue of the doctrine of after acquired evidence

8  because of misrepresentations contained in his employment applications and/or supporting

9  documents and/or his conduct during the course of his employment with Defendant.

10  ### SIXTEENTH AFFIRMATIVE DEFENSE

11      16.    Plaintiff's purported causes of action are barred, in whole or in part, by the applicable

12  statute of limitations, including, but not limited to, California Civil Code of Procedure §§ 335.1, 337,

13  338(a), 339 and/or 340 and 343, Labor Code § 1197.5, and Government Code §§ 12960 and 12965,

14  as well as any other applicable statute of limitation, and no statute of limitation was tolled by the

15  filing of a workers' compensation claim.

16  ### SEVENTEENTH AFFIRMATIVE DEFENSE

17      17.    Plaintiff's purported causes of action are barred, in whole or in part, by the applicable

18  contractual statue of limitations period.

19  ### EIGHTEENTH AFFIRMATIVE DEFENSE

20      18.    Plaintiff's claims for punitive damages are barred because California's laws regarding

21  the alleged conduct in question in this action are too vague to permit the imposition of punitive

22  damages, and because California's laws, rules and procedures regarding punitive damages deny due

23  process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth

24  Amendments of the United States Constitution and place an unreasonable burden on interstate

25  commerce.

26  ### NINETEENTH AFFIRMATIVE DEFENSE

27      19.    Plaintiff's claims for punitive damages against Defendant cannot be sustained

28  because any award of exemplary or punitive damages under California law without proof of every

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

4

**ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

1  element beyond a reasonable doubt would violate Defendant's rights under the Fourth, Fifth, Sixth,

2  Eighth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the

3  California Constitution, and would be improper under the common law and public policies of the

4  State of California.

### TWENTIETH AFFIRMATIVE DEFENSE

5

6      20.    Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith

7  efforts to comply with applicable employment discrimination laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

8

9      21.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

10  allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot

11  prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can he show

12  advance knowledge, conscious disregard, authorization, and/or ratification by an officer, director or

13  managing agent of Federal Express.  California Labor Code, § 3294.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

14

15      22.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

16  allegation with respect thereto should be stricken because Plaintiff has failed to plead and cannot

17  prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can he show

18  advance knowledge, conscious disregard, authorization, ratification and/or an act of oppression,

19  fraud or malice on the part of an officer, director or managing agent of Federal Express.  California

20  Labor Code, § 3294.

21

22

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23

24      23.    The liability of Defendant for the non-economic damages claimed by Plaintiff is

25  limited by Civil Code § 1431.1 and 1431.2, et seq.

26

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

27

28      24.    The Complaint and each of the purported causes of action are barred, in whole or in

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

5

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1    part, because Plaintiff failed to fulfill the conditions and/or terms of his employment.

2                       **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

3         25.    If and to the extent that Plaintiff has suffered the damages alleged in any of the causes

4    of action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly

5    and proximately caused or contributed to some or all of the damages claimed.

6                       **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7         26.    The Complaint, and each purported cause of action contained therein, is barred, in

8    whole or in part, because Plaintiff breached his duty of reasonable care, good faith and loyalty to

9    Federal Express.  California Labor Code §§ 2954, 2856, and 2959.

10                      **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

11        27.    The Complaint and each of the purported causes of action cannot be maintained

12   because Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and

13   circumstances known by Defendant at the time it acted.

14                      **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

15        28.    Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant

16   cannot fully anticipate all defenses that may be applicable to the within action.  Accordingly, the

17   right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby

18   reserved.

19                      **TWENTY-NINTH AFFIRMATIVE DEFENSE**

20        29.    Plaintiff's purported causes of action are barred, in whole or in part, by the Plaintiff's

21   failure to exhaust his administrative remedies.

22                       **THIRTIETH AFFIRMATIVE DEFENSE**

23        30.    Plaintiff's purported causes of action are barred, in whole or in part, by the Plaintiff's

24   failure to exhaust his contractual remedies.

25                      **THIRTY-FIRST AFFIRMATIVE DEFENSE**

26        31.    Plaintiff's claims for special damages are barred because Plaintiff has failed to allege

27   such damages with the requisite specificity.

28

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

6
ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff unreasonably delayed filing this action, thereby prejudicing Defendant and barring Plaintiff's claims under the doctrine of laches.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Assuming the acts and/or omissions complained of occurred (they did not), said acts and/or omissions did not constitute severe and pervasive conduct.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's retaliation claim is barred to the extent he did not engage in any protected activity.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Assuming any harassment occurred (it did not), Defendant did not know, and could not have reasonably known, about the harassment.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     In the alternative, assuming any harassment occurred (it did not), and assuming Defendant knew about the harassment (they did not), prompt and effective remedial action was taken.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Federal Express took reasonable steps to prevent and correct workplace harassment through the appropriate training, policies and complaint mechanisms.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Federal Express.

:DERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

7

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

2      39.      Plaintiff is barred from recovering any damages under the avoidable consequences

3    doctrine, because (1) Federal Express took reasonable steps to prevent and correct workplace

4    harassment; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that

5    Federal Express provided; and (3) reasonable use of Federal Express's procedures would have

6    prevented the harm that Plaintiff allegedly suffered.  *State Department of Health Services v. the*

7    *Superior Court of Sacramento County* (2003) 31 Cal.4th 1026, 6 Cal.Rptr.3d 441.

8

9

## PRAYER FOR RELIEF

10      WHEREFORE, Defendant prays for judgment as follows:

11      1.      That Plaintiff take nothing by virtue of his Complaint, and that the Complaint be

12    dismissed in its entirety, with prejudice;

13      2.      That judgment be entered in favor of the Defendant and against Plaintiff;

14      3.      That Defendant be awarded its attorney's fees and costs of suit herein; and

15      4.      That Defendant be awarded such other and further relief as the Court may deem just

16    and proper.

17

18    DATED:  July 25, 2008

19                                      Respectfully submitted,

20                          By:

21

22                                      Christopher J. Yost
                                        Attorney for Defendant
23                                      **FEDERAL EXPRESS CORPORATION**

24

25

26

27

28

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

8

ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

1

## PROOF OF SERVICE

2

     I am a resident of the State of California, over the age of eighteen years, and not a
3
party to the within action. My business address is Federal Express Corporation, 2601 Main
Street, Suite 340, Irvine, CA 92614.

4

     On July 25, 2008, I served the within document(s):
5

6
**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF FILING NOTICE
OF REMOVAL**

7

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully
8
    prepaid, in the United States Mail at Irvine, California addressed as set forth below.

9
☐  by personally delivering the document(s) listed above to the person(s) at the
    address(es) set forth below.

10
☐  by placing the document(s) listed above in a sealed envelope with delivery fees
    provided for, addressed as follows for collection by Federal Express for overnight
11
    delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California
    in accordance with Federal Express Corporation's ordinary business practices.

12

13
**Robert Salinas, Esq, & Pamela Kong, Esq.**
**Sundeen, Salinas, & Pyle**
14
**1330 Broadway, Suite 1830**
**Oakland, CA 94612**
15
**Telephone No.: (510) 663-9240 / Facsimile No.: (510) 663-9241**

16
**Enrique Martinez, Esq.**
**Law Office of Enrique Martinez**
17
**360 Grand Avenue, #141**
**Oakland, CA 94610**
18
**Telephone No.: (510) 287-4302 / Facsimile No.: (510) 835-1417**
**Attorneys for Plaintiff, Orlando Delgado**

19

☒  *(State)* I declare under penalty of perjury under the laws of the State of
20
    California that the above is true and correct.

21
☐  *(Federal)* I declare that I am employed in the office of a member of the bar of
    this court at whose direction the service was made.

22

Executed on July 25, 2008, at Irvine, California.
23

24
                            Renee K. Aven

25
739448

26

27

28

FEDERAL EXPRESS CORP
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614
949-862-4558 (TEL)
949-862-4605 (FAX)

9
ANSWER OF DEFENDANT FEDERAL EXPRESS CORPORATION

**EXHIBIT D**

Christopher J. Yost, Bar No. 150785
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4558
Facsimile: (949) 862-4605
cjyost@fedex.com

Attorney for Defendants
FEDERAL EXPRESS CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ORLANDO DELGADO, an individual, | CASE NO.: |
| Plaintiff, | **DECLARATION OF CYNTHIA D. GONZALEZ IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation and DOES 1-10, inclusive, | **(DIVERSITY JURISDICTION 28 U.S.C. §1332)** |
| Defendants. | **[Cal. Code Civ. Proc. 430.10 (e) and (f)]** |
| | Complaint Filed: June 30, 2008 |

1.    I am over the age of twenty-one and am competent to testify as to the matters set forth herein. I am a Paralegal employed by Federal Express Corporation in Irvine, California. Except where otherwise indicated, I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would testify competently to each fact.

2.    Federal Express Corporation is a publicly held company with shares traded on the New York Stock Exchange. It is a Delaware Corporation with its principal place of business in Tennessee.

1

3.    Federal Express Corporation was incorporated in the State of Delaware on June 24, 1971.  Its principal place of business located at 3620 Hacks Cross Road, Building B, Third Floor, Memphis, TN. 38125.  It is in Tennessee where Federal Express Corporation's executive and administrative functions are performed.

4.    A true and correct copy of a verdict survey is attached hereto as Exhibit A.

_____
CYNTHIA D. GONZALEZ

Declaration of Cynthia Gonzalez in
Support of Removal

**EXHIBIT A**



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
OLD FEDERAL RESERVE BANK BUILDING
400 SANSOME STREET
SAN FRANCISCO, CA 94111-3143
tel 415-392-1122
fax 415-773-5759
WWW.ORRICK.COM

## SUMMARY OF CALIFORNIA JURY VERDICTS IN EMPLOYMENT CASES

This study is a compilation of reported jury verdicts in employment cases tried in California state and federal courts from 1981 through April 2001. This study reflects those verdicts reported in *Jury Verdicts Weekly*, the *San Francisco Daily Journal* and *California Law Reporter*. Therefore, it may not reflect all reported verdicts. Also, because our interest is to summarize what juries have decided in these cases, the study in most instances does not report on any reversals, reductions or other modifications resulting from post-trial motions or appeals.* The study also excludes cases which were settled or dismissed before reaching a jury.

The study looks at these jury verdicts by the major employment issue involved, broken down by superior court or district court, type of jury award and year. To help summarize the information, the study provides the following five categories of information: (1) the total number of verdicts; (2) the average jury award for all verdicts; (3) the percentage of verdicts in which the plaintiff prevailed; (4) the numerical average of all verdicts in favor of the plaintiff; and (5) the median verdict (i.e., the number above and below which there is an equal number).

When comparing the median verdict with the average verdict, it is important to note that an average is very sensitive to extremely high or extremely low jury awards. This is especially true given that several verdicts have exceeded $10 million.

We believe that the data is now sufficiently large to permit analysis of litigation trends in jury trials. Nonetheless, because each trial is so unique, it is impossible to predict the likely result in any particular case.

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP. All rights reserved.

---

* For example, a verdict in excess of $100 million on behalf of twenty-one plaintiffs against Interstate Brands in 2000 was reduced over 80 percent by the Trial Court on post-verdict motions. We note that several recent studies have dealt with the effect on jury verdicts of post-trial motions and appellate decisions that have reversed or materially reduced jury awards.

ORRICK, HERRINGTON & SUTCLIFFE LLP
SUMMARY OF CALIFORNIA JURY
VERDICTS IN EMPLOYMENT CASES
(Reported From January 1989 through April 30, 2001)

WRONGFUL TERMINATION

| Issues | Total Verdicts | Averages Based on Total Verdicts | Plaintiff Prevailed: Number (Percent) | Average Jury Award | Median Jury Award |
|---|---|---|---|---|---|
| **Discrimination** | | | | | |
| Sex | 182 | $193,658 | 84 (46%) | $419,593 | $227,479 |
| (Sexual Harassment) | (69) | (283,513) | (35) (51%) | 558,411 | (275,000) |
| (Non-Harassment) | (113) | (16,763) | (49) (43%) | (320,070) | (140,242) |
| Race | 102 | 697,785 | 48 (47%) | 1,482,792 | 495,351 |
| Age | 118 | 348,960 | 47 (40%) | 876,113 | 472,488 |
| Disability | 48 | 200,705 | 25 (52%) | 385,354 | 250,000 |
| Total** | 450 | | 204 (45%) | | |
| **Non-Discrimination** | | | | | |
| Breach of Contract/Covenant | 310 | 460,997 | 207 (67%) | 690,382 | 255,263 |
| Violation of Public Policy | 114 | 602,625 | 62 (54%) | 1,108,053 | 250,000 |
| Fraud/Misrepresentation | 16 | 661,917 | 9 (56%) | 1,176,742 | 451,876 |
| Defamation/Slander | 16 | 510,314 | 6 (38%) | 1,360,837 | 123,000 |
| Retaliation | 24 | 572,054 | 15 (63%) | 915,286 | 239,866 |
| Total** | 480 | | 299 (62%) | | |

** These totals overlap due to more than one cause of action in some cases.

DOCSSF1:562712.1

o Copyright 2001, Orrick, Herrington & Sutcliffe LLP,
All Rights Reserved

2

## ORRICK, HERRINGTON & SUTCLIFFE LLP
## SUMMARY OF CALIFORNIA JURY
## VERDICTS IN EMPLOYMENT CASES
### (Reported From January 1989 through April 30, 2001)

| | Issues (Number of Total Verdicts) | NON-TERMINATION Average Verdict (Includes such issues as harassment, military, failure to promote, demotion, etc.) | Plaintiff Prevailed Number (Percent) | Average Plaintiff's Verdict | Median Jury Verdict |
|---|---|---|---|---|---|
| **Discrimination** | | | | | |
| **Sex** | | | | | |
| (Sexual Harassment) | 124 | $297,643 | 77 (62%) | $479,321 | $220,562 |
| (Non-Harassment) | 94 | (293,688) | (58) (62%) | (484,153) | (232,531) |
| Race | 30 | (161,177) | (19) (63%) | (516,481) | (195,000) |
| Age | 78 | 295,427 | 32 (41%) | 720,103 | 500,000 |
| Disability | 20 | 310,322 | 5 (25%) | 1,241,288 | 164,048 |
| | 25 | 253,789 | 8 (32%) | 793,091 | 443,030 |
| Total** | 215 | | 110 (51%) | | |
| **Non-Discrimination** | | | | | |
| Violation of Public Policy | 17 | $248,541 | 7 (41%) | $603,600 | $442,000 |
| Breach of Contract/Covenant | 24 | 193,102 | 14 (58%) | 331,032 | 265,000 |
| Retaliation | 37 | 54,832 | 17 (46%) | 119,341 | 87,000 |
| Total** | 78 | | 38 (51%) | | |

** These totals overlap due to more than one cause of action in some cases.

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP, All Rights Reserved

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
SUMMARY OF CALIFORNIA JURY
VERDICTS IN EMPLOYMENT CASES
(Reported From January 1989 through April 30, 2001)

## JURY AWARDS IN CALIFORNIA STATE AND FEDERAL COURTS

| Courts | Median Jury Award | Average Jury Award | Total Verdicts | Plaintiffs Prevailed (Number & Percent) |
|---|---|---|---|---|
| **Selected California Superior Courts** | | | | |
| Alameda | $123,000 | $822,158 | 73 | 39 (53%) |
| Los Angeles | 353,238 | 1,031,255 | 422 | 229 (54%) |
| Orange | 366,700 | 935,173 | 115 | 50 (43%) |
| Sacramento | 352,000 | 1,072,417 | 65 | 29 (45%) |
| San Bernardino | 226,150 | 383,977 | 41 | 22 (54%) |
| Santa Clara | 275,000 | 513,732 | 59 | 35 (59%) |
| San Diego | 228,254 | 379,482 | 122 | 52 (43%) |
| San Francisco | 145,121 | 437,671 | 76 | 44 (59%) |
| San Mateo | 293,500 | 513,732 | 23 | 16 (70%) |
| **Total** | 300,159 | 689,454 | 996 | 516 (51.8%) |
| **United States District Courts** | | | | |
| Northern | $250,000 | $1,306,524 | 53 | 25 (47%) |
| Eastern | 494,351 | 1,028,617 | 12 | 5 (42%) |
| Central | 223,000 | 755,889 | 55 | 27 (49%) |
| Southern | 315,000 | 292,667 | 5 | 3 (60%) |
| **All California U.S. District Courts** | 268,200 | 845,924 | 125 | 60 (48%) |
| **Total** | 300,000 | 767,689 | 1,121 | 576 (51%) |

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP.
All Rights Reserved

4

DOCSSF1:562712.1

ORRICK, HERRINGTON & SUTCLIFFE LLP
SUMMARY OF CALIFORNIA JURY
VERDICTS IN EMPLOYMENT CASES

| Year | Median Jury Award | TOTAL AWARDS Average Jury Award | Jury Verdicts | Plaintiff Verdicts Number (Percent) |
|---|---|---|---|---|
| 1981 | $300,000 | $490,091 | 18 | 11 (65%) |
| 1982 | 136,660 | 472,946 | 35 | 22 (63%) |
| 1983 | 76,500 | 238,221 | 24 | 13 (54%) |
| 1984 | 230,000 | 766,152 | 29 | 17 (59%) |
| 1985 | 252,743 | 795,343 | 64 | 50 (78%) |
| 1986 | 109,000 | 268,395 | 72 | 42 (58%) |
| 1987 | 260,500 | 866,074 | 80 | 42 (53%) |
| 1988 | 120,742 | 610,613 | 63 | 42 (67%) |
| 1989 | 154,007 | 341,431 | 42 | 28 (66%) |
| 1990 | 317,135 | 1,806,034 | 67 | 46 (68%) |
| 1991 | 278,900 | 449,668 | 69 | 37 (53%) |
| 1992 | 330,000 | 816,858 | 81 | 35 (43%) |
| 1993 | 250,000 | 429,315 | 95 | 51 (54%) |
| 1994 | 250,000 | 457,777 | 141 | 79 (56%) |
| 1995 | 242,479 | 439,653 | 106 | 58 (55%) |
| 1996 | 184,000 | 646,013 | 106 | 47 (44%) |
| 1997 | 244,933 | 643,571 | 184 | 94 (51%) |
| 1998 | 313,500 | 885,395 | 209 | 96 (46%) |
| 1999 | 368,393 | 994,730 | 137 | 68 (50%) |
| 2000 | 471,500 | 1,291,852 | 86 | 36 (42%) |
| 2001 | 426,000 | 412,833 | 16 | 6 (38%) |

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP.
All Rights Reserved

5

DOCSSF1:562712.1

ORRICK, HERRINGTON & SUTCLIFFE LLP
SUMMARY OF CALIFORNIA JURY
VERDICTS IN EMPLOYMENT CASES

EMOTIONAL DISTRESS AWARDS

| Year | Median Jury Award | Average Jury Award | Total Jury Verdicts | Punitive Damages Awarded Number (Percent) |
|------|------|------|------|------|
| 1981 | $45,000 | $45,000 | 18 | 1 (6%) |
| 1982 | 6,500 | 54,000 | 35 | 4 (11%) |
| 1983 | 150,000 | 150,000 | 24 | 1 (4%) |
| 1984 | 50,000 | 50,000 | 29 | 2 (7%) |
| 1985 | 37,000 | 44,400 | 64 | 5 (8%) |
| 1986 | 30,000 | 30,000 | 72 | 11 (15%) |
| 1987 | 79,500 | 41,318 | 80 | 8 (10%) |
| 1988 | 75,000 | 145,188 | 63 | 13 (21%) |
| 1989 | 80,000 | 201,198 | 42 | 7 (17%) |
| 1990 | 55,750 | 81,429 | 67 | 23 (34%) |
| 1991 | 200,000 | 270,642 | 69 | 9 (13%) |
| 1992 | 200,000 | 192,611 | 81 | 7 (9%) |
| 1993 | 96,148 | 160,134 | 95 | 19 (20%) |
| 1994 | 100,000 | 199,998 | 141 | 27 (19%) |
| 1995 | 85,000 | 150,582 | 106 | 18 (17%) |
| 1996 | 135,420 | 214,965 | 106 | 23 (22%) |
| 1997 | 388,000 | 309,997 | 184 | 3 (2%) |
| 1998 | 500,000 | 388,000 | 209 | 7 (3%) |
| 1999 | 140,000 | 1,249,424 | 137 | 4 (3%) |
| 2000 | 425,000 | 553,312 | 86 | 2 (2%) |
| 2001 | -0- | 425,000 | 16 | -0- (0%) |
|      |      | -0- |      |      |

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP.
All Rights Reserved

6

DOCSSF1:562712.1

ORRICK, HERRINGTON & SUTCLIFFE LLP
SUMMARY OF CALIFORNIA JURY
VERDICTS IN EMPLOYMENT CASES

PUNITIVE DAMAGE AWARDS

| Year | Median Jury Award | Average Jury Award | Total Verdict | Plaintiff Prevailed Number (Percent) |
|---|---|---|---|---|
| 1981 | $200,000 | $444,333 | 18 | 6 (35%) |
| 1982 | 100,000 | 637,713 | 35 | 12 (34%) |
| 1983 | 1,500,000 | 1,500,000 | 24 | 1 (4%) |
| 1984 | 100,000 | 498,364 | 29 | 11 (38%) |
| 1985 | 250,000 | 750,984 | 64 | 25 (39%) |
| 1986 | 75,000 | 225,000 | 72 | 25 (34%) |
| 1987 | 261,430 | 1,182,656 | 80 | 20 (25%) |
| 1988 | 305,173 | 1,161,659 | 63 | 12 (19%) |
| 1989 | 200,000 | 284,050 | 42 | 7 (17%) |
| 1990 | 115,000 | 3,394,321 | 67 | 14 (20%) |
| 1991 | 500,000 | 661,929 | 69 | 7 (10%) |
| 1992 | 1,000,000 | 1,187,929 | 81 | 7 (9%) |
| 1993 | 235,000 | 414,995 | 95 | 11 (12%) |
| 1994 | 404,500 | 913,708 | 141 | 12 (9%) |
| 1995 | 125,000 | 225,455 | 106 | 11 (10%) |
| 1996 | 325,000 | 983,715 | 106 | 12 (11%) |
| 1997 | 122,272 | 734,427 | 183 | 28 (15%) |
| 1998 | 250,000 | 1,785,198 | 209 | 23 (11%) |
| 1999 | 993,134 | 2,154,793 | 137 | 9 (7%) |
| 2000 | 1,500,000 | 15,092,564 | 86 | 9 (11%) |
| 2001 | 42,500 | 42,500 | 16 | 2 (12%) |

Total Punitive Damages Verdicts - $500k-$1 million: 27
Total Punitive Damages Verdicts - $1 million or more: 27

© Copyright 2001, Orrick, Herrington & Sutcliffe LLP.
All Rights Reserved

DOCSSF1:562712.1

7

# CERTIFICATE OF SERVICE

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 25, 2008, I served a copy of:

## DECLARATION OF CYNTHIA D. GONZALEZ IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Fed Ex, 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Fed Ex with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Fed Ex Express or delivered to an authorized courier or driver authorized by Fed Ex Express to receive documents on the same date that it (they) is are placed at Fed Ex for collection.

3

par毫

## Service List

Robert Salinas, Esq., & Pamela Kong, Esq.
Sundeen, Salinas, & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612
Telephone No.: (510) 663-9240 / Facsimile No.: (510) 663-9241

Enrique Martinez, Esq.
Law Office of Enrique Martinez
360 Grand Avenue, #141
Oakland, CA 94610
Telephone No.: (510) 287-4302 / Facsimile No.: (510) 835-1417

Attorneys for Plaintiff, Orlando Delgado

I declare under penalty of perjury that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Irvine, California, this 25 day of July, 2008.

_____          _____
Renee K. Aven                              (signature)
(typed)

739472

Declaration of Cynthia Gonzalez in
Support of Removal

# CERTIFICATE OF SERVICE

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July _25_, 2008, I served a copy of:

## DEFENDANTS FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Fed Ex, 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Fed Ex with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite 340, Irvine, California 92614 in accordance with Fed Ex's ordinary business practices.

I am readily familiar with Fed Ex's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Fed Ex's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Fed Ex Express or delivered to an authorized courier or driver authorized by Fed Ex Express to receive documents on the same date that it (they) is are placed at Fed Ex for collection.

Notice of Removal Diversity

1

<u>Service List</u>

2

Robert Salinas, Esq, & Pamela Kong, Esq.
Sundeen, Salinas, & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612
Telephone No.: (510) 663-9240 / Facsimile No.: (510) 663-9241

3

4

5

Enrique Martinez, Esq.
Law Office of Enrique Martinez
360 Grand Avenue, #141
Oakland, CA 94610
Telephone No.: (510) 287-4302 / Facsimile No.: (510) 835-1417

6

7

8

9

Attorneys for Plaintiff, Orlando Delgado

10

I declare under penalty of perjury that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

11

12

Executed at Irvine, California, this 25th day of July, 2008.

13

14

15

16

_____        _____
Renee K. Aven                              (signature)
(typed)

17

18

19

739471

20

21

22

23

24

25

26

27

28

Notice of Removal Diversity