Mireya A.R. Llaurado, Bar No. 194882
Christopher J. Yost, Bar No. 150785
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  (949) 862-4632
Facsimile:   (949) 862-4605
Email:  mllaurado@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Robert Salinas, Esq., Bar No. 184260
**SUDEEN, SALINAS, & PYLE**
1330 Broadway, Suite 1830
Oakland, CA 94613
Telephone: 510-663-9240
Facsimile 510-663-9241
Email:  bob@ssrplaw.com

Enrique Martinez, Esq., Bar No. 206884
**LAW OFFICE OF ENRIQUE MARTINEZ**
360 Grand Avenue, No. 141
Oakland, CA 94610
Telephone:  510-287-4302
Facsimile:  510-835-1417
emartinez15@comcast.net

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ORLANDO DELGADO, an individual, | CASE NO.:  C 08-03576 MMC |
| Plaintiff, | Honorable Maxine M. Chesney, Courtroom 7, 19th Floor |
| v. | **STIPULATION AND ORDER FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION OF PLAINTIFF ORLANDO DELGADO** |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation and DOES 1-10, inclusive, | |
| Defendants. | Complaint Filed:  June 30, 2008<br>Trial Date:        October 26, 2009 |

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**                    **C 08-03576 MMC**

1    WHEREAS, plaintiff ORLANDO DELGADO ("Plaintiff") and defendant

2    FEDERAL EXPRESS CORPORATION ("FedEx" or "Defendant") are presently

3    engaged in discovery in the above-captioned case; and

4    WHEREAS, FedEx has sought or will seek testimony, information and

5    documents that Plaintiff contends contain confidential and private information

6    concerning Plaintiff; and

7    WHEREAS, FedEx has sought or will seek testimony, information and

8    documents that a third party contends contains confidential and proprietary business

9    information; and

10    WHEREAS, after engaging in a good faith effort to meet and confer the parties

11    wish to resolve this issue informally;

12    NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT

13    THE COURT MAY, ~~AND HEREBY DOES,~~ ENTER AN ORDER as follows:

14    1.    The following information and documents that reflect such information,

15    which are not generally publicly available and are designated by the Plaintiff as

16    "Confidential," shall be deemed "Confidential Information:"

17            A.    Any documents served in *Delgado v. TNT USA, Inc.* Case No.

18                  CIV 455723 and removed to U.S. District Court, Northern

19                  District of California, Case No. C 06-04789 (hereinafter "the

20                  TNT action").

21            B.    Any transcripts from hearings or depositions in the TNT action.

22            ~~C.    Any and all settlement agreements made between the parties in~~

23                  ~~the TNT action~~.  [E.M./R.S.]

24            D.    Any and all deposition testimony by Delgado that concerns or

25                  relates to the TNT action.

26    2.    Designation of any documents that are deemed "Confidential" shall be

27    made by stamping each page comprising any such document, copy or excerpt thereof

28    with the legend "CONFIDENTIAL" at the time of production.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**                    **C 08-03576 MMC**

3.     Good cause exists to limit the disclosure of this information and these documents.  The documents purport to contain Plaintiff's confidential and private information, including information about his health and financial status, as well as confidential and proprietary information of TNT USA Inc. ("TNT"), in that the information and documents reveal certain business practices of TNT, such as the amount of any settlement to Plaintiff in that lawsuit.  As set forth herein, Plaintiff and TNT would suffer irreparable harm if the information and documents were disclosed without the protections set forth in the Stipulation and Order:

4.     "Qualified Person" as used herein means:  (i) Federal Express Corporation, including its attorneys and employees necessary to assist counsel in the above-captioned action; (ii) any expert consulted by Plaintiff, Defendant or by Plaintiff's or Defendant's attorneys in the preparation of this action for trial; (iii) Plaintiff; (iv) Sudeen, Salinas & Pyle, its partners and employees; and (v) Law Office of Enrique Martinez, its partners and employees; and (vi) the Court.

5.     Confidential Information may only be disclosed to Qualified Persons and then only to the extent counsel in good faith believes that such disclosure is necessary to the prosecution or defense of this litigation.  Confidential Information may only be disclosed to Qualified Persons after they have read this Stipulation and Order, agreed in writing to be bound by it and have signed the Acknowledgement and Agreement attached hereto as Exhibit A.

6.     Each Qualified Person will maintain Confidential Information in confidence and will not use it or reveal it to anyone who is not a Qualified Person without the prior written consent of opposing counsel and TNT or, in the absence of such consent, an order of the Court authorizing such disclosure.

7.     Counsel for the parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that:  (a) the witness and court reporter have read this Stipulation and Order agreed in writing to be bound by it and signed the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**                    **C 08-03576 MMC**

Acknowledgement and Agreement attached as Exhibit A; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, persons present at the request of Defendant or Plaintiff or their counsel, and a court reporter.

8.      The transcript of deposition testimony containing Confidential Information shall be bound separately, marked by the court reporter "Confidential" and treated as Confidential Information subject to the terms of this Stipulation and Order.

9.      The disclosure of Confidential Information to a Qualified Person without designating it as Confidential shall not constitute a waiver of the producing party's obligation and right to designate such information as Confidential at a later time and, if so designated, the information shall thenceforth be treated as Confidential subject to all terms of this Stipulation and Order.

10.     If a party wishes the Court to consider a confidential document in connection with any motion filed in this action that party shall make an Administrative Motion to File Under Seal ("Administrative Motion"); any request should be made to the District Judge with an appropriate showing supporting the request to file the documents under seal.  TNT shall receive notice of such Administrative Motion no later than the time of filing of such Administrative Motion. The request must comply with the requirements of Civil Local Rule 79-5, and the request will seek to file under seal only the confidential portions of such documents.

11.     If either party wishes to use Confidential Information at trial of this action, the parties will, in advance, confer in good faith with each other and with TNT to agree upon a method to protect such Confidential Information.  Either party may, with simultaneous notice to TNT, apply to the District Judge for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information at trial.

12.     At the conclusion of this lawsuit (including appeals, if any), all

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

4

STIPULATION AND ORDER FOR PROTECTIVE ORDER                     C 08-03576 MMC

Confidential Information in the possession of any Qualified Person or any other person who has received such information pursuant to this Stipulation and Order, together with all copies, extracts and summaries thereof, shall be returned to the party that produced it, with written confirmation provided to TNT.  No Confidential Information may be used in any other judicial or other proceeding or for any other purpose, except (i) where required by legal process or by law for lawful purposes, or (ii) upon consent of the party who produced the Confidential Information and consent of TNT.

13.     This Stipulation and Order may be modified by a later Stipulation and Court Order or, if the parties and TNT are unable to agree, by the court on the application of a party with simultaneous notice to TNT.  This Stipulation and Order shall be binding on all Qualified Persons and all other persons having knowledge of its terms and any violation thereof may be punishable by contempt.

14.     If Defendant FedEx in good faith disagrees with the Confidential designation of the documents protected herein, Defendant shall inform counsel for Plaintiff in writing of the disagreement with simultaneous notice to TNT.  Unless a prompt challenge to Plaintiff's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, neither a Party nor TNT waives its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Defendant must initiate a challenge in good faith and must begin the process by conferring directly (in person or by telephone) with counsel for Plaintiff and TNT, explaining the basis for its belief that the confidentiality designation was not proper and giving Plaintiff and TNT an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. Only after this meet and confer process may Defendant seek judicial intervention, at which point Defendant may file a motion under Civil Local Rule 7 (and in compliance

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

5

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**                    C 08-03576 MMC

with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge with simultaneous notice to TNT.  Each such motion must be accompanied by a declaration affirming the declarant has complied with the meet and confer requirements of this paragraph and set forth with specificity any and all grounds for the challenge.  As the designating party, Plaintiff has the right to oppose the motion and bears the burden of demonstrating good cause for protection of the documents.

15.     If any third party to the case, including but not limited to TNT, in good faith disagrees with the Confidential designation of the documents protected herein, or the failure to so designate, the third party shall inform counsel for Plaintiff and TNT in writing of the disagreement within fifteen (15) days of learning of the designation. Upon receipt of written notification of the disagreement, counsel for Defendant, Plaintiff, TNT and any other third party will confer in an effort to resolve the dispute without Court intervention.  If the dispute is not resolved within fifteen (15) days of Plaintiff's receipt of the written notification, the third party may move the Court for a confidential designation modification or vacation of the Confidential designation at issue, with simultaneous notice to TNT if a third party other than TNT so moves. Such application shall describe with specificity the particular materials for which the designation or failure to designate is being challenged and set forth with specificity any and all grouns for the challenge.  As the designating party, Plaintiff has the right to oppose the motion and bears the burden of demonstrating good cause for protection of the documents.

//

//

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**                    **C 08-03576 MMC**

1    DATED:  April 24, 2009          SUNDEEN SALINAS & PYLE

2

3                                        By:___/s/_____

4                                            Robert Salinas, Esq.
                                             Attorneys for Plaintiff
5

6    DATED:  April 24, 2009          LAW OFFICE OF ENRIQUE MARTINEZ

7

8                                        By:___/s/_____

9                                            Enrique Martinez, Esq.
                                             Attorneys for Plaintiff
10

11   DATED: April 23, 2009           FEDERAL EXPRESS CORPORATION

12

13                                       By:___/s/_____
                                             Mireya A.R. Llaurado, Esq.
14                                           Attorney for Defendant

15

16

17       IT IS SO ORDERED, provided that the parties' agreement to designate as confidential the
18   entirety of documents identified above in paragraph 1 does not constitute a finding by the Court that
     said documents, or any portion thereof, are, in fact, confidential within the meaning of Civil Local
19   Rule 79-5.

20

21   DATED:  May 8, 2009

22

23

24                        _Maxine M. Chesney_____
25                        U.S.D.J. Maxine M. Chesney

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

                                               7
         STIPULATION AND ORDER FOR PROTECTIVE ORDER                    C 08-03576 MMC

EXHIBIT A

Acknowledgment and Agreement

I have read and agree to be bound by the terms and conditions of the foregoing Stipulation and Order for Protective Order Regarding Confidential Information of Plaintiff Orlando Delgado.

Signature: _____

Printed Name: _____

Date: _____

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**          **C 08-03576 MMC**