IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO DELGADO,<br><br>      Plaintiff,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>      Defendant | No. C-08-3576 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |

      Before the Court is defendant Federal Express Corporation's ("FedEx") "Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment," filed July 24, 2009. Plaintiff Orlando Delgado ("Delgado") has filed opposition, to which FedEx has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the parties' respective filings, VACATES the hearing scheduled for August 28, 2009, and rules as follows.

**BACKGROUND**

      Delgado is a former employee of FedEx. He began his employment in 2000 and at all times worked at FedEx's San Francisco International Airport Gateway. (See Compl. ¶ 1.) Delgado alleges that while he was employed by FedEx, he reported to management incidents of discrimination, and that he was terminated in retaliation for such reports. (See Compl. ¶¶ 27-28.) Delgado also alleges he did not receive "second rest periods" to which

he was entitled under California law.  (See Compl. ¶¶ 41.)

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(c).

The Supreme Court's 1986 "trilogy" of Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), requires that a party seeking summary judgment show the absence of a genuine issue of material fact.  Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  See Celotex, 477 U.S. at 324 (internal quotation and citation omitted).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "If the [opposing party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-50 (citations omitted).  "[I]nferences to be drawn from the underlying facts," however, "must be viewed in the light most favorable to the party opposing the motion."  See Matsushita, 475 U.S. at 587 (internal quotation and citation omitted).

**DISCUSSION**

FedEx argues it is entitled to summary judgment on each of the five causes of action in Delgado's complaint.

At the outset, the Court addresses FedEx's argument that each claim is barred by the following provision in Delgado's employment contract:  "To the extent the law allows an employee to bring legal action against [FedEx], I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my

1 lawsuit, whichever expires first." (See Keaton Decl. Ex. B at 2-38.)[1]

2 Both the California Court of Appeal and the Ninth Circuit have found that, under California law,[2] a provision shortening a statute of limitations, when contained in a non-negotiated employment agreement, is substantively unconscionable and thus unenforceable. See Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 114, 117-18 (2004) (holding, where employee is given no opportunity to negotiate terms in employment agreement, "agreement requir[ing] the assertion of all statutory and common law claims covered by [employment] agreement within six months of the date when the claim arises" is "unconscionable and insufficient to protect [ ] employees' right to vindicate their statutory rights"); Davis v. O'Melveny & Myers, 485 F.3d 1066, 1073-78 (9th Cir. 2007) (finding "substantively unconscionable" contract language effectively providing that if employee's "claim is not filed within a year of when it should have been discovered, it is lost," where employee was required to sign agreement as prerequisite to employment); see also Graham Oil Co. v. Arco Products, 13 F.3d 1244, 1247-48 (9th Cir. 1995) (holding provision in franchise agreement unenforceable where franchisee required thereby to bring statutory claims against franchisor within six months rather than within longer period provided by statute).

Here, FedEx does not argue, let alone offer evidence to support a finding, that the employment agreement it offered Delgado was negotiated. Even if FedEx had offered such evidence, however, Delgado has offered evidence sufficient to support a finding that he reasonably understood he was required to sign the employment agreement, as drafted by FedEx, in order to work for FedEx. (See Delgado Decl. ¶ 4.)

Accordingly, FedEx has failed to show it is entitled to summary judgment on its defense that the complaint is, in light of the above-quoted provision in Delgado's

---

[1] Each of Delgado's claims is subject to a statutory period of limitations that is greater than six months in length.

[2] Each of Delgado's claims arises under California law. The Court's jurisdiction over the instant action is based on diversity of citizenship. (See Def.'s Notice of Removal, filed July 25, 2008, ¶¶ 4, 15.)

3

1  employment agreement, subject to dismissal as untimely.[3]

2  The Court next considers whether FedEx has shown Delgado lacks evidence to
3  establish the elements of the causes of action alleged in the complaint.

**A. First Cause of Action (Retaliation in Violation of the FEHA)**

Under the Fair Employment and Housing Act ("FEHA"), it is unlawful for an employer to "discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA]." See Cal. Gov't Code § 12940(h). An employee establishes a retaliation claim under FEHA if the employee "shows a prima facie case of retaliation and, if the employer articulates a legitimate nonretaliatory explanation for its acts, the [employee] shows that the proffered explanation is merely a pretext for unlawful discrimination." See California Fair Employment and Housing Comm'n v. Gemini Aluminum Corp., 122 Cal. App. 4th 1004, 1018 (2004).

An employee establishes a prima facie case by showing that he "engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action." See id. (internal quotation and citation omitted). Here, assuming, arguendo, Delgado can establish a prima facie case of retaliation,[4] the Court finds FedEx has articulated legitimate, nonretaliatory reasons for the termination, specifically, its determination, following an investigation, that Delgado willfully drove a FedEx transporter at an "unsafe speed" at his workplace and that while doing so, he "intentionally drove in the direction of one of [his] co-workers and displayed blatant disrespect by yelling loudly in their direction." (See Keaton Decl. Ex. F.)

Because FedEx has articulated legitimate, nonretaliatory reasons, the burden shifts to Delgado to "demonstrate such weaknesses, implausibilities, inconsistencies,

---

[3] The Court makes no finding herein as to whether any of Delgado's claims is barred by the applicable California statute of limitations. Although such defense is pleaded in the Answer, FedEx has not raised it in support of the instant motion.

[4] Delgado lodged two discrimination claims with Fed Ex, made, respectively, twelve months and six months prior to his termination. (See Keaton Decl. Exs. G, J.) Thereafter, approximately six weeks before his termination, Delgado requested reconsideration of the determination of his second claim. (See Salinas Decl. Ex. 14.)

4

incoherencies, or contradictions in [FedEx's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." See Horn v. Cushman & Wakefield Western, Inc., 72 Cal. App. 4th 798, 807 (1999). As discussed below, the Court finds Delgado has failed to offer evidence to support such a finding.

First, Delgado's reliance on his having denied the charge is insufficient to create a triable issue. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (holding, where employer fired plaintiff after determining she had lied during investigation of workplace accident, plaintiff's denial that she lied was insufficient to create triable issue as to pretext). Second, although, as Delgado points out, each of the three witnesses who gave written statements describing the subject incident used different language to describe the incident (see Gudelunas Exs. F, G, J),[5] such differences do not create a triable issue, because each witness's statement "contain[ed] the same central theme," specifically that Delgado drove the transporter at an unsafe speed while yelling. See Horn, 72 Cal. App. 4th at 815 (holding, where employer determined plaintiff was not suitable candidate for open position, plaintiff failed to create triable issue as to pretext where employer relied on statements of three supervisors, and each statement "contain[ed] the same central theme," even though each supervisor used "somewhat different language" to state why plaintiff was not suitable). Similarly unpersuasive is Delgado's argument that FedEx has not identified other employees who were terminated for driving unsafely. Although "evidence that [the plaintiff] was treated differently from others who were similarly situated" may support a finding of pretext, see Iwekaogwu v. City of Los Angeles, 75 Cal. App. 4th 803, 817 (1999), Delgado offers no evidence that any person similarly situated to Delgado, i.e., an employee who willfully drove toward a co-worker in an unsafe manner, was not terminated.

Accordingly, FedEx has shown it is entitled to summary judgment on the First Cause of Action.

//

---

[5] Each witness who described the incident viewed the incident from a different location at the worksite.

**B. Second Cause of Action (Failure to Take All Reasonable Steps to Prevent and Remediate the Retaliation as Required under the FEHA)**

In his opposition, Delgado states he "does not oppose" the Court's granting FedEx's motion for summary judgment on his Second Cause of Action. (See Pl.'s Opp. at 15:27-28; see also id. at 25:20-22).

**C. Third Cause of Action (Violation of California Wage Laws)**

In his Third Cause of Action, Delgado alleges FedEx "failed to provide him with a second rest period of not less than 10 minutes when and as required." (See Compl. ¶ 41.)

Under California law, "[e]very employer shall authorize and permit all employees to take rest periods." See Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 953-54 (2005) (internal quotation and citation omitted). "The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." See id. at 954 (internal quotation and citation omitted).

Here, FedEx argues, Delgado has not offered evidence to support a finding that FedEx failed to provide him a second ten-minute rest period for any date on which he was entitled to such rest period. Delgado testified at his deposition, however, that after Mark Gudelunas ("Gudelunas") became his supervisor, Delgado worked a 12-hour shift and received "an hour lunch and a ten-minute break." (See Salinas Decl. Ex. 25 at 147:10-25.) Delgado also testified that he and his co-workers "later" received a "document" Gudelunas requested they sign, which document indicated they "should have been taking two breaks." (See id. Ex. 25 at 148:7-12.) Delgado further testified that Gudelunas told him a copy of the document would be placed in his "personal file," and to "[j]ust make sure that you're encoding your second break" and that "everybody needs to take it." (See id. Ex. 25 at 148:24 - 149:3.) According to Delgado: "And we started, then, taking our break." (See id. Ex. 25 at 149:3-4.)

The Court finds Delgado's evidence is sufficient to create a triable issue of fact, specifically, that, between the date on which Gudelunas became Delgado's supervisor and

//

6

the date on which Delgado signed the document referenced at his deposition,[6] FedEx did not provide him a second rest period.

Accordingly, FedEx is not entitled to summary judgment on the Third Cause of Action.

**D.  Fourth Cause of Action (Violation of California Bus. & Prof. Code §§ 17200-17208)**

In his Fourth Cause of Action, Delgado alleges FedEx engaged in "unfair, unlawful and fraudulent business practices."  (See Compl. ¶ 46.)

To the extent the Fourth Cause of Action is based on a theory that FedEx has violated FEHA, the Court, for the reasons set forth above with respect to the First Cause of Action, finds FedEx is entitled to summary judgment.

To the extent the Fourth Cause of Action is based on the theory that FedEx did not provide Delgado with a second ten-minute rest period during a portion of the time he was employed by FedEx, the Court, for the reasons set forth above with respect to the Third Cause of Action, finds FedEx is not entitled to summary judgment.

**E.  Fifth Cause of Action (Violation of California Public Policy)**

In the Fifth Cause of Action, Delgado alleges that his retaliatory termination violated California public policy.  (See Compl. ¶ 49.)

For the reasons discussed above with respect to the First Cause of Action, the Court finds FedEx is entitled to summary judgment on the Fifth Cause of Action.

//
//
//
//

---

[6] In his declaration offered in support of the instant motion, Gudelunas states he became Delgado's "direct supervisor" in April 2003.  (See Gudelunas Decl. ¶ 8.)  On October 31, 2004, Delgado signed a document titled "Success Factors," which included a provision stating "[b]reaks must be taken in accordance with FedEx Express Corporate break policy."  (See id. Ex. B.)  Because that document does not make express reference to a second ten-minute rest period, the Court cannot determine whether it is the same document described by Delgado in his deposition.

**CONCLUSION**

For the reasons stated above, FedEx's motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

1. FedEx is entitled to judgment in its favor on the First Cause of Action, the Second Cause of Action, the Fourth Cause of Action to the extent such cause of action is based on a violation of FEHA, and the Fifth Cause of Action.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 25, 2009

MAXINE M. CHESNEY
United States District Judge